Slip Op. 22-156

UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

COLUMBIA ALUMINUM PRODUCTS,
LLC, et al.,

              Plaintiffs,

    v.

UNITED STATES,

              Defendant,

    and

ENDURA PRODUCTS, INC.,

          Defendant-Intervenor.

</td><td>

Before:  Timothy C. Stanceu, Judge

Consolidated Court No. 19-00185

</td></tr>
</table>

OPINION AND ORDER

[Denying defendant's motion for a remand and ordering resumption of briefing]

Dated: December 23, 2022

*Jeremy W. Dutra*, Squire Patton Boggs (US) LLP, of Washington, DC, for plaintiff. With him on the brief was *Peter J. Koenig*.

*Alexander J. Vanderweide*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for defendant. With him on the briefs was *Justin R. Miller*, Attorney-in-Charge. Also on the briefs were *Jeanne E. Davidson*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, and *Stephen C. Tosini*, Senior Trial Counsel. Of counsel on the briefs was *Tamari J. Lagvilava*, Attorney, Office of the Chief Counsel, U.S. Customs and Border Protection, U.S. Department of Commerce, of Washington, DC.

*Robert E. DeFrancesco, III*, Wiley Rein LLP, of Washington, DC, for consolidated plaintiff and defendant-intervenor Endura Products, Inc.  With him on the brief was *Elizabeth S. Lee*.

Stanceu, Judge:  Plaintiff Columbia Aluminum Products, LLC ("Columbia")

brought this action to contest two related decisions that U.S. Customs and Border

Protection ("Customs" or "CBP") issued under the Enforce and Protect Act, 19 U.S.C.

§ 1517[1] ("EAPA"), concluding that certain door thresholds imported by Columbia from

Vietnam evaded antidumping and countervailing duty orders (the "Orders") on

aluminum extrusions from the People's Republic of China.  The decision resulted from

investigative proceedings Customs initiated following a submission by Endura

Products, Inc. ("Endura"), a domestic producer of extruded aluminum door thresholds

that is a consolidated plaintiff and defendant-intervenor in this action, alleging that

Columbia's imported thresholds evaded the Orders.

Denying a motion by defendant for a remand to Customs that would be unduly

limited in scope, the court orders the resumption of briefing in response to motions of

Columbia and Endura under USCIT Rule 56.2 for judgment on the agency record.

## I. BACKGROUND

The International Trade Administration, U.S. Department of Commerce

("Commerce" or the "Department") issued antidumping and countervailing duty

---

[1] Citations to the United States Code are to the 2018 edition.

orders on certain aluminum extrusions from the People's Republic of China ("China")

in 2011.  *Aluminum Extrusions from the People's Republic of China: Antidumping Duty*

*Order*, 76 Fed. Reg. 30,650 (Int'l Trade Admin. May 26, 2011) ("*AD Order*"); *Aluminum*

*Extrusions From the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg.

30,653 (Int'l Trade Admin. May 26, 2011) ("*CVD Order*").

On February 9, 2018, Customs initiated an investigation under the EAPA in

response to Endura's allegation that certain door thresholds Columbia imported from

Vietnam were evading the Orders.  *EAPA Case Number 7232: Initiation of Investigation*,

PR Doc. 12.[2]  Endura alleged that these door thresholds, which were produced in

Vietnam, contained aluminum extrusion components that were produced in China.  *Id.*

at 1.

On December 19, 2018, Commerce issued a "Scope Ruling" in response to a

request by Columbia.  *Antidumping and Countervailing Duty Orders on Aluminum*

*Extrusions from the People's Republic of China: Final Scope Rulings on Worldwide Door*

*Components Inc., MJB Wood Group Inc., and Columbia Aluminum Products Door Thresholds*,

A-570-967, Barcode No. 3784481-01 (Int'l Trade Admin.) ("*Scope Ruling*").  The door

thresholds that were the subject of the Scope Ruling, which were made in China, were

---

[2] Documents in the Administrative Record (Oct. 23, 2019), ECF Nos. 24 (public), 25 (conf.) are cited herein as "PR Doc. __."  All citations to record documents are to the public versions of those documents.

not themselves aluminum extrusions but contained an aluminum extrusion as a single

component that was permanently assembled with other components made of non-

aluminum-extrusion components, such as plastic or wood.  *See id.* at 13–14.  The Scope

Ruling held that the aluminum extrusion component within each of the door thresholds

was within the scope of the Orders and that the non-aluminum-extrusion components

were not.  *Id.* at 33–35.  Columbia contested the Scope Ruling in this Court in litigation

that Columbia commenced on January 18, 2019.  *See Columbia Aluminum Products v.*

*United States*, 46 CIT __, Slip Op. 22-144 (Dec. 16, 2022) (*"Columbia IV"*).  This litigation

recently concluded with this Court's entry of a judgment sustaining a redetermination

that Commerce submitted on September 9, 2022, in response to court order.  *Id.* at 3–4.

The Department's redetermination concluded, under protest, that these door thresholds

are not within the scope of the Orders.  *Id.* at 2.

In response to Endura's allegation, Customs issued a decision under 19 U.S.C.

§ 1517(c) (the "Evasion Determination") on March 20, 2019, concluding that entries of

Columbia's door thresholds from Vietnam were evading the Orders.  *Notice of Final*

*Determination as to Evasion*, PR Doc. 61.  The merchandise at issue in the Evasion

Determination, like the door thresholds that were the subject of the Scope Ruling, were

assemblies containing an aluminum extrusion component among other components.  *Id.*

at 3.  Columbia sought administrative review of the Evasion Determination according to

**Court No. 19-00185**                                                                                   **Page 5**

19 U.S.C. § 1517(f), and after conducting that review, CBP's Regulations and Rulings

Directorate ("R&R") issued a decision on August 26, 2019 (the "Administrative Review

Determination") that narrowed the scope of the Evasion Determination.  *Enforce and*

*Protect Act ("EAPA") Case Number 7232*, PR Doc. 67.  The Administrative Review

Determination ruled that the door thresholds from Vietnam did not constitute "covered

merchandise" for purposes of the EAPA, i.e., could not have been ruled under the

EAPA to evade the Orders, unless they were imported on or after December 19, 2018,

which was the date of the Department's Scope Ruling.  *Id.* at 1–2.  As described by

defendant, the Administrative Review Determination "relied on *Sunpreme Inc. v. United*

*States*, 924 F.3d 1198 (Fed. Cir. 2019) for the proposition that CBP cannot resolve a scope

issue in the first instance, and as such, only Commerce's scope determination is

dispositive of whether merchandise is covered by the Orders."  Def.'s Mot. for

Voluntary Remand and to Suspend the Current Briefing Schedule 3 (Jan. 22, 2020), ECF

No. 57 ("Def.'s Remand Mot.").

　　　　Plaintiff commenced the current action on October 1, 2019 to contest the

"August 26, 2019 Administrative Review, including March 20, 2019 Final

Determinat[ion]."  Summons, ECF No. 1; *see also* Compl. (Oct. 1, 2019), ECF No. 2.

Endura brought its own action "to contest portions of the final administrative

determination" of August 26, 2019.  Compl. ¶ 1 (Oct. 7, 2019), Ct. No. 19-00190, ECF

No. 5.  This Court consolidated the two actions, Order (Dec. 18, 2019), ECF No. 18, and

granted Columbia's motion for leave to intervene as a defendant-intervenor in Ct. No.

19-00190, Order (Dec. 31, 2019), ECF No. 19.

Before the court are Columbia's and Endura's motions under USCIT Rule 56.2 for

judgment on the agency record.  Pl. Columbia Aluminum Products, LLC's Rule 56.2

Mot. for J. on the Agency R. (Jan. 8, 2020), ECF Nos. 53 (conf.), 56 (public) ("Columbia's

Mot."); Consol. Pl. Endura Products, Inc.'s Mot. for J. on the Agency R. (Jan. 8, 2020),

ECF No. 54; Consol. Pl. Endura Products, Inc.'s Mem. in Supp. of its Rule 56.2 Mot. for J.

on the Agency R. (Jan. 8, 2020), ECF No. 55 ("Endura's Mot.").  Columbia has

responded to Endura's Rule 56.2 motion, Pl. Columbia Aluminum Products, LLC's

Resp. to Endura Products, Inc.'s Rule 56.2 Mot. for J. on the Agency R. (Feb. 10, 2020),

ECF No. 59, but to date Endura has not responded to Columbia's Rule 56.2 motion.

Instead of responding to the Rule 56.2 motions of the two plaintiffs, defendant

United States moved for what it terms a "voluntary remand" and to stay the briefing

schedule.  Def.'s Remand Mot.  Columbia has opposed this motion.  Pl. Columbia

Aluminum Products, LLC's Resp. in Opp'n to the Gov't's Mot. for Voluntary Remand

and to Suspend the Current Briefing Schedule (Feb. 12, 2020), ECF No. 60 ("Columbia's

Opp'n").

**Court No. 19-00185**                                                                          **Page 7**

Separately, defendant moved, with the consent of Endura but not Columbia, for

an extension of time for the parties to file responses to the two Rule 56.2 motions until

14 days after the court rules on the motion for a remand and to stay the current briefing

schedule.  Def.'s Partial Consent Mot. for Extension of Time to File Resp. Brs. 1 (Feb. 4,

2020), ECF No. 58.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

The court exercises jurisdiction according to 19 U.S.C. § 1517(g)(1) and 28 U.S.C.

§ 1581(c).  The court decides whether a determination of evasion issued by Customs

under subsection (c) of 19 U.S.C. § 1517, or an administrative *de novo* review of such a

determination of evasion issued by Customs under subsection (f) of 19 U.S.C. § 1517, by

examining "whether the Commissioner fully complied with all procedures under

subsections (c) and (f)" and "whether any determination, finding, or conclusion is

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

19 U.S.C. § 1517(g)(2).

### B. Columbia's Motion for Judgment on the Agency Record

In its motion for judgment on the agency record, Columbia describes the

imported merchandise at issue in this litigation as "assembled door thresholds, which

are multi-component products fully and permanently assembled before importation."

Columbia's Mot. 2.  Each contained an aluminum extrusion component among other

components, including a "continuous PVC [polyvinyl chloride] sill composite and

screws (the risers) that allow the end-user to adjust the threshold."  *Id*. at 2–3 ("These

non-aluminum components are fundamental to the functionality of the finished product

and provide a competitive advantage in terms of weatherproofing and energy

conservation.").  Columbia used this same description to identify the Chinese-origin

door thresholds that were the subject of its request to Commerce for the Scope Ruling.

*Id*. at 3–4.

Columbia argues that Customs had no basis to initiate its EAPA investigation

against Columbia on February 9, 2018, because the door thresholds Columbia imported

from Vietnam qualify for the "finished merchandise exclusion" set forth in the scope

language and, therefore, were not subject to the Orders.  Columbia's Mot. 5–9.  That

exclusion applies to "finished merchandise containing aluminum extrusions as parts

that are fully and permanently assembled and completed at the time of entry, such as

finished windows with glass, doors with glass or vinyl, picture frames with glass pane

and backing material, and solar panels."  *AD Order*, 76 Fed. Reg. at 30,651; *CVD Order*,

76 Fed. Reg. at 30,654.

Columbia argues, in the alternative, that CBP's decisions were arbitrary and

capricious because Customs lacked any evidence to support its finding that the

aluminum door thresholds imported from December 19, 2018 through March 20, 2019

were assembled in Vietnam using aluminum extrusions produced in China.

Columbia's Mot. 9–14.  According to Columbia, "[a]ll of the evidence upon which CBP

relies is from the week of September 23, 2018 and before."  *Id*. at 10.

In summary, Columbia asserts that "[t]here is no evidence that Columbia entered

covered merchandise by means of evasion between December 19, 2018 and March 20,

2019 (or during any other time)."  *Id*. at 14.

### C.  Endura's Motion for Judgment on the Agency Record

Endura argues that the Administrative Review Determination erroneously

reversed the Evasion Determination "with respect to entries of door thresholds before

December 19, 2018."  Endura's Mot. 23.  Endura characterizes the Administrative

Review Determination as "based on an erroneous interpretation of law and

contradicted by R&R's own observations in its decision."  *Id*.[3]

---

[3] Endura also claimed in its Rule 56.2 Motion that U.S. Customs and Border
Protection erred in determining that no evasion could have occurred before the issuance
of *Aluminum Extrusions From the People's Republic of China*, 82 Fed. Reg. 34,630 (Int'l
Trade Admin. July 26, 2017), which was an affirmative final determination of
circumvention of *Aluminum Extrusions from the People's Republic of China: Antidumping
Duty Order*, 76 Fed. Reg. 30,650 (Int'l Trade Admin. May 26, 2011) and *Aluminum
Extrusions From the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg.
30,653 (Int'l Trade Admin. May 26, 2011).  Consol. Pl. Endura Products, Inc.'s Mot. for J.
on the Agency R. (Jan. 8, 2020), ECF No. 54; Consol. Pl. Endura Products. Inc.'s Mem. in
(continued . . .)

### D.  Defendant's Motion for a "Voluntary Remand"

Defendant grounds its motion for a "voluntary remand" on the decision of the

U.S. Court of Appeals for the Federal Circuit ("Court of Appeals") in *Sunpreme Inc. v.*

*United States*, 946 F.3d 1300 (Fed. Cir. 2020) (*"Sunpreme II"*), which upon rehearing

*en banc* vacated that court's decision in *Sunpreme Inc. v. United States*, 924 F.3d 1198 (Fed.

Cir. 2019) (*"Sunpreme I"*).  Defendant points out that the Administrative Review

Determination relied on *Sunpreme I* "for the proposition that CBP cannot resolve a scope

issue in the first instance, and as such, only Commerce's scope determination is

dispositive of whether merchandise is covered by the Orders."  Def.'s Remand Mot. 3.

Defendant argues that "[i]n reversing the panel's constriction of CBP's authority

to determine whether a particular product is subject to antidumping or countervailing

duties, the Federal Circuit explained that, 'Customs is both empowered and obligated

to determine in the first instance whether goods are subject to existing antidumping or

countervailing duty orders.'"  *Id*. (quoting *Sunpreme II*, 946 F.3d at 1317).  Defendant

states in its motion that "because the vacated *Sunpreme [I]* decision is at the heart of

---

Supp. of its Rule 56.2 Mot. for J. on the Agency R. 14–15 (Jan. 8, 2020), ECF No. 55
("Specifically, R&R's conclusion that Columbia's door thresholds were not brought
within the scope of the Orders until after . . . Commerce's determination in the anti-
circumvention inquiry covering certain imports of aluminum extrusions from Vietnam
is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with
law.").

R&R's administrative review analysis, remand is necessary for R&R to reevaluate its

analysis in light of the Federal Circuit's new precedent." *Id*. at 4.  Defendant informs

the court, further, that certain documents were not forwarded to R&R for review in the

proceeding resulting in the Administrative Review Determination; defendant proposes

that, during the requested remand proceeding, it would provide the parties with

opportunities to address the new record evidence and, later, would move to

supplement the record before the court. *Id*. at 5–7.  Defendant also proposes that the

parties consult with the goal of reaching agreement on a proposed new briefing

schedule. *Id*. at 7.

In opposing the government's motion for a remand, Columbia argues, *inter alia*,

that the remand is not being sought because CBP "has doubts about the correctness of

its decision" or believes it "is incorrect on the merits."  Columbia's Opp'n 2 (quoting

*SKF USA, Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)).  Columbia argues,

further, that a remand is unwarranted because the "intervening event" consisting of the

decision in *Sunpreme II* "does not 'affect the validity of the agency action.'" *Id*. at 2

(quoting *SKF USA, Inc.*, 254 F.3d at 1028).

### E. This Court's Judgment Sustaining the Remand Redetermination in the Litigation Contesting the Department's Scope Ruling

In *Columbia Aluminum Products, LLC v. United States*, 44 CIT __, 470 F. Supp. 3d

1353 (2020) ("*Columbia I*"), this Court held that the Scope Ruling was contrary to law in

misinterpreting the scope language of the Orders and in refusing to consider the issue

of whether Columbia's Chinese-origin door thresholds qualified for the finished

merchandise exclusion.  The Department's decision upon remand considered the

applicability of this exclusion, concluding that it did not apply to Columbia's products

and once again ruled that the door thresholds were within the scope of the Orders.  The

Department's redetermination was rejected by this Court in *Columbia Aluminum*

*Products, LLC v. United States*, 45 CIT __, 536 F. Supp. 3d 1346 (2021) ("*Columbia II*"),

resulting in another order of remand to Commerce.  In its second remand

redetermination, Commerce, under protest, determined that the finished merchandise

exclusion applied to Columbia's imported goods.  This Court, in *Columbia Aluminum*

*Products, LLC v. United States*, 46 CIT __, 587 F. Supp. 3d 1375 (2022) ("*Columbia III*"),

declined to sustain that decision, ruling that it "seeks court approval for a decision that,

unlike the agency determination contested in this litigation, is not a scope ruling or

determination but is merely preliminary to such a determination."  46 CIT at __, 587

F. Supp. 3d at 1382.  The court objected specifically to the Department's statement in the

second remand redetermination that Commerce would issue a revised scope ruling if

the court sustained the second remand redetermination.  *Id*.  "Because it is not the actual

scope ruling or determination Commerce plans to issue, it would not be self-

effectuating should the court sustain it, and the agency decision that would follow if it

were sustained would escape direct judicial review." *Id.* The court allowed a limited

time—30 days—for Commerce to issue a new determination that would go into effect if

sustained upon judicial review. Commerce issued another determination (the "Third

Remand Redetermination") on September 9, 2022, again ruling that Columbia's door

thresholds qualified for the finished merchandise exclusion and, therefore, were not

within the scope of the Orders. Final Results of Redetermination Pursuant to Ct.

Remand 19, Ct. No. 19-00013, ECF No. 85-1 ("*Third Remand Redetermination*"). On

December 16, 2022, this Court held that the Third Remand Redetermination must be

sustained. *Columbia IV* at 15–17.

Upon issuing its opinion in *Columbia IV*, this Court entered judgment to conclude

the litigation in which Columbia contested the Scope Ruling. Judgment (Dec. 16, 2022),

Ct. No. 19-00013 (ECF No. 93). The Judgment sustained the decision in the

Department's Third Remand Redetermination that the door thresholds Columbia

imported from China satisfied the requirements of the finished merchandise exclusion

and, therefore, are excluded from the scope of the Orders. *Id.* at 1–2. The Judgment

ordered "that, as Commerce expressly has provided in the Third Remand

Redetermination, Commerce shall publish a *Federal Register* notice 'stating that,

consistent with the Court's holdings,' the door thresholds at issue in this action are

excluded from the scope of the Orders." *Id.* at 2 (quoting *Third Remand Redetermination*

at 3).  The Judgment ordered, further, that "as Commerce expressly has provided in the

Third Remand Redetermination, Commerce shall issue, at the time of the publication of

the *Federal Register* notice described above, '[r]elevant instructions to U.S. Customs and

Border Protection (CBP) giving effect to that determination'" and that these instructions

"shall provide for the liquidation of the entries affected by this litigation in accordance

with the Third Remand Redetermination."  *Id*. (quoting *Third Remand Redetermination*

at 3).

### F.  Procedures under USCIT Rule 56.2

The court denies defendant's motion for a remand directed only to CBP's

reconsideration of the contested decisions based on the appellate decision in

*Sunpreme II*.  Such a remand will not advance the progress of this litigation, for two

reasons.

First, this Court's decision in *Columbia IV* sustained a decision of Commerce

excluding from the Orders door thresholds that are not themselves aluminum

extrusions but instead are assemblies of various components, only one of which is an

aluminum extrusion, that are fully and permanently assembled at the time of

importation and that do not require cutting or fabrication prior to use.  *Columbia IV* at

15–18.  The submissions filed in this action to date do not indicate to the court that the

door thresholds Columbia imported from Vietnam differ from that description as to

physical characteristics.

Second, the procedural posture of this case under USCIT Rule 56.2 calls for

defendant now to have the opportunity to respond to the two motions for judgment on

the agency record that are pending before the court and for Endura to respond to

Columbia's Rule 56.2 motion.  In their submissions, defendant and Endura will have the

opportunity to address whether the entry of judgment in *Columbia IV* sustaining and

effectuating the Third Remand Redetermination requires anything other than a ruling

in favor of Columbia's Rule 56.2 motion and a denial of the motion of Endura.

Defendant's second motion, Def.'s Partial Consent Mot. for Extension of Time to File

Resp. Brs. (Feb. 4, 2020), ECF No. 58, informs the court that defendant is prepared to file

these responses within 14 days of the court's ruling on its motion for a remand.

### III. CONCLUSION

For the reasons stated in the foregoing, the court must deny defendant's motion

for a remand and will resume the schedule for briefing in this litigation.  Although

defendant requested 14 days for the filing of responses to the Rule 56.2 motions, the

court, pursuant to the standard procedure of USCIT Rule 56.2(d), is allowing 60 days for

defendant and Endura to respond to Columbia's motion.  The resumption of briefing

will enable the court to consider the parties' views on the correct determination of this

action, and the procedures necessary to effectuate it, particularly in light of this Court's

opinion and entry of judgment in *Columbia IV*.  Therefore, upon consideration of

defendant's motions, upon consideration of all papers and proceedings had herein, and

with due deliberation, it is hereby

     **ORDERED** that Defendant's Motion for Voluntary Remand and to Suspend the Current Briefing Schedule (Jan. 22, 2020), ECF No. 57, be, and hereby is, denied as to the request for a voluntary remand; it is further

     **ORDERED** that Defendant's Partial Consent Motion for Extension of Time to File Response Briefs (Feb. 4, 2020), ECF No. 58, be, and hereby is, granted; it is further

     **ORDERED** that defendant and Endura shall file responses to Columbia's Rule 56.2 motion for judgment on the agency record within 60 days of the date of this Opinion and Order; it is further

     **ORDERED** that defendant shall file its response to Endura's Rule 56.2 motion for judgment on the agency record within 60 days of the date of this Opinion and Order; it is further

     **ORDERED** that should defendant so choose, it may file a single brief responding to both Rule 56.2 motions; it is further

     **ORDERED** that, pursuant to USCIT Rule 56.2(d), any reply to a response to a Rule 56.2 motion must be filed within 28 days after the filing of such response; and it is further

     **ORDERED** that, pursuant to USCIT Rule 56.2(e), any motion for oral argument must be filed no later than 21 days after the filing of the last reply brief.

/s/ Timothy C. Stanceu
Timothy C. Stanceu, Judge

Dated: December 23, 2022
    New York, New York