## UNITED STATES COURT OF INTERNATIONAL TRADE

### Before: The Honorable Timothy C. Stanceu, Judge

| | |
|---|---|
| COLUMBIA ALUMINUM PRODUCTS, LLC,<br>　　　　　Plaintiff,<br>　v.<br>UNITED STATES,<br>　　　　　Defendant,<br>　and<br>ENDURA PRODUCTS, INC.,<br>　　　　　Defendant-Intervenor.<br><br>ENDURA PRODUCTS, INC.<br>　　　　　Plaintiff,<br>　v.<br>UNITED STATES,<br>　　　　　Defendant.<br>　and<br>COLUMBIA ALUMINUM PRODUCTS, LLC,<br>　　　　　Defendant-Intervenor. | Consol. Court No. 1:19-cv-00185 |

### OPPOSITION TO MOTION TO STAY PROCEEDINGS

Columbia Aluminum Products, LLC opposes Defendant-Intervenor Endura Product, Inc.'s request to stay further proceedings in this action pending a final and conclusive resolution of all proceedings in *Columbia Aluminum Products, LLC v. United States*, No. 19-00013 (CIT, filed Jan. 18, 2019) ("Columbia Scope Appeal").

In this action, Columbia Aluminum challenges U.S. Customs and Border Protection's determination that Columbia Aluminum evaded the Orders by entering assembled door thresholds from Vietnam containing Chinese aluminum extrusions as unsupported by substantial evidence, and thus is arbitrary and capricious, and otherwise not in accordance with law. *See* Pl.'s 56.2 Mot. for J. Upon the Agency R. (Jan. 9, 2020) (ECF 56).

This Court recently entered judgment sustaining and effectuating U.S. Department of Commerce's third remand redetermination in the Columbia Scope Appeal, which found that Columbia Aluminum's assembled door thresholds are finished merchandise, and thus excluded from the scope of the antidumping and countervailing duty orders on aluminum extrusions from China ("Orders").  Based on that judgment, CBP's evasion determination cannot survive, which should result in the granting of Columbia Aluminum's Rule 56.2 motion and a denial of the motion Endura filed.  Indeed, Endura does not suggest otherwise in its motion to stay—effectively conceding that the Columbia Scope Appeal mandates a judgment in Columbia's favor in this proceeding.  A stay accordingly would not—as Endura suggests—promote judicial economy or conserve judicial or party resources.

Staying this proceeding further would allow the evasion determination against Columbia Aluminum to remain in place notwithstanding Commerce determining that Columbia Aluminum's assembled thresholds are outside the scope of the Orders, thus imposing a continuing reputational harm on Columbia Aluminum and a financial harm given CBP's suspension of liquidation preventing the release of customs bonds.  Given the "fair possibility" of harm to Columbia Aluminum if a stay is granted, Endura was required to "make out a clear case of hardship or inequity" that it will suffer if a stay is not granted.  *Diamond Sawblades Mfrs' Coal. v. United States*, 34 C.I.T. 404, 406 (2010).  Endura's failure to make such a showing further justifies denying its motion.

For these reasons, Columbia Aluminum respectfully requests that the Court deny Endura's request to further stay these proceedings.

Date: January 27, 2023

                                                Respectfully submitted,

                                                */s/ Jeremy W. Dutra*
                                                Peter Koenig
                                                peter.koenig@squirepb.com
                                                Jeremy W. Dutra
                                                jeremy.dutra@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

*Counsel to Plaintiff*
*Columbia Aluminum Products, LLC*
