UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE TIMOTHY C. STANCEU, JUDGE

COLUMBIA ALUMINUM PRODUCTS, LLC,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

Court No. 1:19-cv-00185

**PLAINTIFF COLUMBIA ALUMINUM PRODUCTS, LLC'S
REPLY IN FURTHER SUPPORT OF ITS
RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Jeremy W. Dutra
Jeremy.dutra@squirepb.com
Peter Koenig
Peter.koenig@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 626-6600

April 6, 2023

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

WORD COUNT CERTIFICATE OF COMPLIANCE ................................................................ iii

I.  The Government effectively concedes that the Court should enter judgment in favor of Columbia Aluminum. ................................................................................................. 1

II. The Government's arguments in favor of CBP's evasion determination are flawed. ........ 1

    A.  The plain language of the Orders does not cover Columbia Aluminum's imported assembled door thresholds. ................................................................. 1

    B.  Partial reversal of the evasion determination by CBP's administrative review was correct, and the findings by the administrative review should have resulted in a complete reversal of the evasion determination. ............................... 2

    C.  Substantial evidence does not support an evasion determination. ......................... 5

III. Conclusion ................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Deacero S.A. de C.V. v. United States*, 817 F.3d 1332 (Fed. Cir. 2016) .........................................5
*Sunpreme Inc. v. United States*, 946 F.3d 1300 (Fed. Cir. 2020) ....................................................4

**Statutes**

19 U.S.C. § 1517(a)(3)......................................................................................................................7
19 U.S.C. § 1517(a)(5)......................................................................................................................7
19 U.S.C. § 1517(b)(4)(A) ................................................................................................................7
19 U.S.C. §1677j..........................................................................................................................5, 7

**Administrative Materials**

*Antidumping Duty Order,* 76 Fed. Reg. 30,650 (Dep't of Commerce May 26, 2011)....................5
*Countervailing Duty Order,* 76 Fed. Reg. 30,653 (Dep't of Commerce May 26, 2011) ................6

ii

## WORD COUNT CERTIFICATE OF COMPLIANCE

This brief has been prepared utilizing Microsoft Word with 12-point Times New Roman font. In accordance with the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that this brief complies with the word limitations set forth in the Chambers Procedures. Specifically, excluding those exempted portions of the brief, as set forth in 2B(1) of the Chambers Procedures, undersigned certifies that this brief contains 1,923 words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

Date: April 6, 2023

                                                  Respectfully submitted,

                                                  /s/ *Jeremy W. Dutra*
                                                  Jeremy W. Dutra
                                                  Jeremy.dutra@squirepb.com
                                                 SQUIRE PATTON BOGGS (US) LLP
                                                 2550 M Street, NW
                                                 Washington, DC 20037
                                                 (202) 457-6000

                                                 *Counsel to Plaintiff*
                                                 *Columbia Aluminum Products, LLC*

**I.      The Government effectively concedes that the Court should enter judgment in favor of Columbia Aluminum.**

This proceeding should come to an end.  The alleger, Endura, who initiated the underlying evasion investigation withdrew from further participation.  Order (ECF No. 76).  This Court entered judgment in Court No. 19-13 affirming Commerce's third remand redetermination that Columbia Aluminum's assembled thresholds are finished merchandise and thus excluded from the scope of the Orders.  Judgment, Court No. 19-13 (ECF No. 93).  Recognizing the import of that judgment, the Government concedes that if the thresholds are not within the scope of the Orders, "they cannot constitute covered merchandise within the meaning of EAPA, and therefore, cannot be said to have evaded the Orders."  Gov't Br. (ECF No. 74) at 19.  Judgment accordingly should be entered in favor of Columbia Aluminum.

The Government nevertheless asks the Court, through a footnote, to stay final judgment pending the appeal of Court No. 19-13.  *Id* at 19 n.4.  The United States, however, has not itself appealed the Court's judgment in Court No. 19-13.  Further, this Court rejected a similar attempt by Endura to stay this action pending resolution of the appeal in Court No. 19-13.  Slip Op. 23-12 (ECF No. 70).  For the reasons articulated in the February 6 Order, the Court should reject the Government's request to stay entry of judgment in favor of Columbia Aluminum.

**II.     The Government's arguments in favor of CBP's evasion determination are flawed.**

    **A.      The plain language of the Orders does not cover Columbia Aluminum's imported assembled door thresholds.**

The Government defends CBP's initiation of the EAPA investigation by arguing that Endura's allegations reasonably suggested that Columbia Aluminum's imported thresholds were

1

covered merchandise based on the plain language of the Orders.  Gov't Br. at 13.[1]  The Government contends "Commerce specifically determined that door thresholds made from Chinese-extruded aluminum were subject to antidumping and countervailing duties: 'Subject extrusions may be identified with reference to their end use, such as fence posts, electrical conduits, door thresholds, carpet trim, or heat sinks.'"  *Id*.  This mischaracterizes the Orders.  The "end-use" provision does not state that all "door thresholds" are within the scope of the Orders.  As this Court observed, the language merely provides that a threshold composed entirely of an aluminum extrusion is covered even if described by its end-use instead of being described as an aluminum extrusion.  Slip Op. 22-144, Court No. 19-13 (ECF No. 92) at 6-8.  It is undisputed that Columbia Aluminum thresholds are not made entirely of extruded aluminum.  (CBP001556.)

> **B.  Partial reversal of the evasion determination by CBP's administrative review was correct.  CBP's findings in its administrative review should have resulted in a complete reversal of the evasion determination.**

Whether CBP has the authority to determine if an imported article is "covered merchandise" is immaterial.  The administrative review, while noting Commerce's expertise, did not base its partial reversal of the final determination on CBP's supposed lack of competence to decide whether an article is "covered merchandise."  The administrative review instead partially reversed the final evasion determination because it determined CBP had no basis for determining that the Orders cover thresholds assembled in Vietnam allegedly using Chinese-origin extruded aluminum.  (CBP001566.)  The *en banc* decision in *Sunpreme* thus has no bearing on the disposition of this action.

---

[1] The substance of the Government's argument recycles the arguments Endura presented in its motion for judgment.  Columbia Aluminum previously addressed these arguments and incorporates them by reference.  *See* Columbia Aluminum Resp. Br. (ECF No. 59).

2

In its administrative review, CBP correctly observed that merchandise is subject to an AD/CVD Order only if it is: "(1) the type of merchandise described in the order, and (2) from the particular country covered by the order." (CBP001562.) Here, the Orders cover certain aluminum extrusions from China. According to CBP's administrative review, record evidence demonstrates Columbia's assembled thresholds were completed in Vietnam and exported from Vietnam, not China. (CBP001565.)

CBP's administrative review correctly relied on the language of the Orders to emphasize "[t]he country of origin of the door thresholds <u>does</u> matter because the Orders cover door thresholds <u>from China</u>." (*Id.* (emphasis in original).) Expanding on this point, CBP's administrative review found:

> The Orders, as written, do not expressly address goods completed or assembled in other foreign countries, and/or goods exported from other foreign countries. The Orders, as written, do not address the country of origin of products assembled in other foreign countries from aluminum profiles extruded in China. There is no indication that the Orders, as written, were intended to cover door thresholds completed or assembled in another foreign country, and exported from another foreign country.

(CBP001566.)

The administrative review, moreover, recognized that Commerce's December 19, 2018 Scope Ruling, alone did not address the fact situation present in the EAPA investigation:

> Notably, the completion or assembly of the door thresholds in Vietnam from Chinese-origin inputs and other parts was not at issue in the scope inquiry. At issue was whether the door thresholds were included by the literal scope of the Orders on aluminum extrusions from China.

(CBP001564.)

This should have ended the analysis. Conceding that the Orders do not, by their literal terms, cover multi-component thresholds assembled in Vietnam using Chinese-origin aluminum

3

extrusion components, CBP's administrative review should have reversed the final evasion determination in its entirety.

The administrative review, however, sustained the finding that Columbia Aluminum's assembled thresholds imported from Vietnam were covered merchandise post-December 19, 2018, because of Commerce's August 12, 2019 final circumvention determination that Vietnamese extruded aluminum previously extruded in China is circumventing, and thus subject to, the Orders.  (CPB001570-71.)  In other words, CPB reasoned in its administrative review that the circumvention determination, when combined with the December 19, 2018 Scope Ruling, rendered Columbia's assembled thresholds imported from Vietnam "covered merchandise" under the Orders.

The reasoning CBP employed to partially affirm the evasion determination was irrational.  Commerce's circumvention determination had nothing to do with the merchandise at issue—a fact the Government appears to acknowledge.  *See* Gov't Br. at 14, 17.  The circumvention ruling instead involved only the limited question of remelting Chinese aluminum extrusions in Vietnam.  That circumvention determination did not address merchandise assembled in Vietnam allegedly using Chinese-extruded aluminum as a component of the assembled product.  And as the administrative review recognized, neither the Orders nor the Scope Ruling addressed this question.  As such, there was no basis to sustain any determination of evasion, and certainly no basis to vacate the partial reversal of as the Government now requests.

The Government's reliance on the *en banc* decision in *Sunpreme* is misplaced.  That Federal Circuit decision involved CBP's authority to decide whether merchandise is within the literal <u>scope</u> of an AD/CVD Order.  *Sunpreme* did not recognize any authority by CBP to decide whether an AD/CVD Order is being <u>circumvented</u>.  *Sunpreme Inc. v. United States*, 946 F.3d

1300, 1317-18 (Fed. Cir. 2020).  CBP may not expand the scope of an AD/CVD Order, and thus cannot bring within its coverage merchandise that does not meet the literal scope language.  *Id.*  But that is precisely the error that CBP committed in its evasion determination, as partially affirmed in the administrative review.  CBP conceded in its administrative review that the merchandise involved in the EAPA investigation is not covered by the literal scope of the Orders (or even the Commerce scope ruling).  (CBP001566; CBP001564.)  Commerce alone, not CBP, has authority to make a circumvention determination to include within the scope of an AD/CVD Order articles that do meet the literal scope of an AD/CVD Order, and even then, under limited circumstances.  19 U.S.C. §1677j; *Deacero S.A. De C.V. v. United States*, 817 F.3d 1332, 1337 (Fed. Cir. 2016).

The partial reversal of the evasion determination by CBP's administrative review was correct.  That review, however, should have reversed the evasion determination in its entirety as the evasion determination is contrary to law.  Irrespective of the scope ruling appeal, this provides an independent ground for the Court to enter judgment in Columba Aluminum's favor.

**C.     Substantial evidence does not support an evasion determination.**

The Government's argument on substantial evidence centers on there being record evidence that certain thresholds imported from Vietnam during the period of investigation contained Chinese-origin aluminum extrusions as components.  Gov't Br. at 19.  Such evidence, even if true, does not support an evasion determination.

Explicitly excluded from the Orders is "finished merchandise containing aluminum extrusions as parts that are fully and permanently assembled and completed at the time of entry, such as finished windows with glass, doors with glass or vinyl, picture frames with glass pane and backing material, and solar panels." *Antidumping Duty Order,* 76 Fed. Reg. 30,650 (Dep't

5

of Commerce May 26, 2011); *Countervailing Duty Order,* 76 Fed. Reg. 30,653 (Dep't of Commerce May 26, 2011).

There is no genuine dispute that the thresholds Columbia Aluminum imported from Vietnam are multi-component products fully and permanently assembled before importation. (CBP001556.) While each door threshold contains an aluminum extrusion, the aluminum component is not the principal contributor to the weight, value, or functionality of the finished threshold products. (CBP001556-57.) Each threshold contains a continuous PVC sill composite and screws (the risers) that allow the end-user to adjust the threshold. (*Id.*) The completed door thresholds are individually packaged, fully assembled, for immediate installation by end-users "as is" without the need for additional parts. (CBP001556.) Accordingly, even if Chinese-origin aluminum extrusion were used as components, the assembled thresholds would not be covered by the Orders as they are "finished merchandise"—a determination that Commerce made in its third remand redetermination, which the Court affirmed in Court No. 19-13. Slip Op. 22-144, Court No. 19-13 (ECF No. 92) at 6-8; Judgment, Court No. 19-13 (ECF No. 93).

Further, the assembled thresholds at issue in the EAPA investigation, while containing aluminum extrusions as a component, were assembled/manufactured in Vietnam, and imported from Vietnam, not China. As CBP's administrative review acknowledged, merchandise is subject to an AD/CVD Order only if it is "(1) the type of merchandise described in the order, and (2) from the particular country covered by the order." (CBP001562.) Neither criterion is met here. (CBP001564-66.) There was no legal basis for CBP to find that the thresholds assembled in and imported from Vietnam were covered merchandise.

CBP's evasion determination effectively is a circumvention determination; namely, that assembly of the thresholds in Vietnam allegedly using Chinse-origin aluminum extrusions

6

renders the merchandise subject to the Orders. Absent from the Orders, however, is a third-country processing provision—a fact that CBP's administrative review acknowledged as critical. (CBP001566.)

Further, whether merchandise completed or assembled in other foreign countries is covered by an AD/CVD Order requires a circumvention determination. 19 U.S.C. §1677j. And circumvention is a question for Commerce alone. CBP's competence extends no further than finding whether merchandise, unambiguously, is within the literal scope of an AD/CVD Order. 19 U.S.C. §§ 1517(a)(3), (a)(5), (b)(4)(A). There has been no Commerce circumvention finding (or investigation) as to Columbia Aluminum under the requisite 19 U.S. Code § 1677j statutory criteria to find circumvention.

CBP had no basis—factual or legal—to determine that Columbia Aluminum evaded the Orders by importing assembled thresholds from Vietnam.

### III. Conclusion

CBP's March 20, 2019 Final Determination, as affirmed by the August 26, 2019 Administrative Review, is not supported by substantial evidence and is contrary to law. For the reasons outlined in this reply, Columbia Aluminum's motion for judgment on the administrative record, and Columbia Aluminum's opposition to Endura's motion for judgment on the administrative record, Columbia Aluminum requests that the Court vacate CBP's finding of evasion and enter judgment in favor of Columbia Aluminum.

Date: April 6, 2023

                                                 Respectfully submitted,

                                                 /s/ *Jeremy W. Dutra*
                                                 Jeremy W. Dutra
                                                 Jeremy.dutra@squirepb.com
                                                 Peter Koenig

peter.koenig@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

*Counsel to Plaintiff*
*Columbia Aluminum Products, LLC*