PUBLIC DOCUMENT

# FINAL REMAND REDETERMINATION
*Columbia Aluminum Prods. LLC v. United States*
Court. No. 19-00185 (Ct. Int'l Trade)
EAPA Investigation No. 7232

## I.    SUMMARY

U.S. Customs and Border Protection (CBP) has prepared this remand redetermination pursuant to the opinion and remand order, dated January 16, 2024, issued by the U.S. Court of International Trade (the Court) in *Columbia Aluminum Products LLC v. United States*, Court No. 19-00185 (hereinafter, Remand Order).[1] This remand concerns CBP's determination under the Enforce and Protect Act of 2015 (EAPA), that the importer, Columbia Aluminum Products LLC (Columbia), evaded the antidumping (AD) and countervailing duty (CVD) orders on aluminum extrusions from the People's Republic of China (China).[2] The Court set aside both CBP's Final Determination of Evasion[3] and Administrative Review[4] as a matter of law, and ordered CBP to submit a remand redetermination consistent with the Court's opinion, addressing the previously imposed interim measures.[5] Specifically, the Court found that the March 2019 Determination erroneously interpreted the scope of the AD/CVD Orders to apply to merchandise produced in a

---

[1] *Columbia Aluminum Prods. LLC v. United States*, Slip Op. No. 24-3, Court No. 19-00185 (Ct. Int'l Trade Jan. 16, 2024).
[2] *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Dep't of Commerce May 26, 2011); *Aluminum Extrusions From the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Dep't of Commerce May 26, 2011) (AD/CVD Orders).
[3] Notice of Final Determination of Evasion, March 20, 2019, Confidential Record Document (C.R.) No. 25 (hereinafter, March 2019 Determination).
[4] Final Administrative Review Determination, August 26, 2019, Public Record Document (P.R.) No. 67 (hereinafter, Administrative Review).
[5] Remand Order at 31.

third country, and, therefore, the finding that Columbia entered covered merchandise into the United States through evasion was invalid.[6]

As explained further below, pursuant to the Court's Remand Order, CBP hereby reverses the March 2019 Determination and the Administrative Review.

## II.    BACKGROUND

On February 9, 2018, CBP initiated an investigation against Columbia based on an allegation submitted by Endura Products, Inc. (Endura or the Alleger) that reasonably suggested that Columbia was importing Chinese-origin extruded aluminum door thresholds by misclassifying them as "plastic wall plates" and in addition was transshipping the Chinese-origin aluminum extrusions through Vietnam.[7] On May 17, 2018, upon finding reasonable suspicion of evasion, CBP announced that it implemented interim measures with respect to Columbia's entries that were entered for consumption, or withdrawn from a warehouse for consumption, from January 19, 2017 through the pendency of the investigation.[8]

On March 20, 2019, following an investigation, CBP issued a determination finding that Columbia's imports of extruded aluminum door thresholds were entered into the United States through evasion.[9] While CBP determined that substantial evidence did not support a finding that Columbia misclassified its imports of door thresholds as "wall plates,"[10] CBP did determine that Columbia's imported door thresholds assembled in Vietnam using aluminum parts extruded in China were subject to the AD/CVD Orders and thus entered into the United States through evasion.[11] Specifically, CBP determined that substantial evidence existed that Columbia's door

---

[6] Remand Order at 12-24.
[7] Notice of Initiation of Investigation and Interim Measures, May 17, 2018, C.R. 9 at CBP001801 (hereinafter, NOI).
[8] NOI at CBP001801.
[9] March 2019 Determination at CBP003572.
[10] March 2019 Determination at CBP003577.
[11] March 2019 Determination at CBP003580.

thresholds, made with extruded aluminum and plastic components, were assembled in Vietnam using aluminum extruded in China by a Chinese supplier and were subject to the AD/CVD Orders.[12]  Thus, CBP found that Columbia's entries constituted covered merchandise and were entered into the United States through false statements or omissions.[13]  Columbia challenged CBP's March 2019 Determination by requesting an administrative review.[14]

In its Administrative Review, CBP's Regulations and Rulings Directorate (R&R), affirmed in part, and reversed in part, the March 2019 Determination.  R&R considered Columbia's March 2018 scope ruling application directed to the U.S. Department of Commerce (Commerce), where Columbia requested that Commerce determine whether the door thresholds manufactured using aluminum extrusions and plastic components were subject to the AD/CVD Orders, and Commerce's subsequent determination thereon (Scope Ruling), where Commerce found that aluminum components of the door thresholds were subject to the AD/CVD Orders.[15]  In addition, R&R discussed Commerce's two prior circumvention determinations where Commerce found that aluminum extruded from 5050 grade aluminum alloy, the grade of aluminum used by Columbia in its door thresholds, constituted "later developed merchandise," and thus circumvented the AD/CVD Orders.[16]  R&R also relied on another decision where Commerce found that extrusions exported from Vietnam made from aluminum that was previously extruded in China circumvented the AD/CVD Orders.[17]  Considering Commerce's

---

[12] March 2019 Determination at CBP003580.
[13] March 2019 Determination at CBP003580.
[14] Columbia Aluminum Products, LLC, EAPA Case Number 7232: Request for Administrative Review, May 1, 2019.
[15] Administrative Review at CBP001563.
[16] Administrative Review at CBP001565-70 (citing *Aluminum Extrusions From the People's Republic of China: Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders and Recission of Minor Alterations Anti-Circumvention Inquiry*, 82 Fed. Reg. 34,630, 34,631 (Dep't of Commerce, July 26, 2017) (5050 Alloy Circumvention Determination)).
[17] Administrative Review at CBP001565-70 (citing *Aluminum Extrusions From the People's Republic of China: Final Affirmative Determination of Circumvention of the Antidumping Duty Orders and Partial Recission*, 84 Fed. Reg. 39,805 (Dep't of Commerce, Aug. 12, 2019) ("Third Country Circumvention Determination")).

3

Scope Ruling and the circumvention determinations together, R&R concluded "that aluminum previously extruded in China was used in … production of aluminum door thresholds exported to the United States."[18] R&R also found that on "December 19, 2018, the date that Commerce decided Columbia's scope inquiry, Columbia's door thresholds exported from Vietnam were brought within the description and scope of the Orders and became 'covered merchandise.'"[19] Thus, R&R affirmed the March 2019 Determination of evasion only with respect to the entries made on or after December 19, 2018.[20]

The Court set aside CBP's March 2019 Determination and the Administrative Review as a matter of law. The Court held that in its March 2019 Determination, CBP erred in finding that the scope of the AD/CVD Orders applied to merchandise manufactured and exported from third countries.[21] Specifically, the Court stated that although "'partially assembled merchandise' containing an aluminum extrusion as a component part," was subject to the AD/CVD Orders, "nothing in the Orders provides that an assembled good produced in a third country and incorporating a Chinese-origin aluminum extrusion as a component part is within the scope that the Orders specify."[22] With respect to the Administrative Review, the Court found that R&R's reliance on Commerce's circumvention determinations was an error of law.[23] First, the Court held that the Third Country Circumvention Determination applied to aluminum extrusions manufactured in Vietnam using aluminum previously extruded in China, which was not the case in this matter where Columbia was assembling Chinese extrusions with plastic components in Vietnam.[24] Second, the Court held that the 5050 Alloy Circumvention Determination was

---

[18] Administrative Review at CBP001571.
[19] Administrative Review at CBP001571.
[20] Administrative Review at CBP001572.
[21] Remand Order at 13.
[22] Remand Order at 15.
[23] Remand Order at 15.
[24] Remand Order at 16.

irrelevant because it only applied to "heat-treated extruded aluminum products" that meet the chemical specification of 5050-grade aluminum alloy exported from China, and that R&R erred as a matter of law in relying on this decision.[25]  The Court concluded:

> Although Customs, in the Administrative Review Determination, correctly concluded that the Orders as issued did not apply to merchandise produced in a third country (such as here, Vietnam), it also presumed, erroneously, that in combination with the {Third Country Circumvention Determination} the Orders had the opposite effect, i.e., that the Circumvention Determination extended the scope of the Orders to pertain to merchandise assembled in a third country (here, Vietnam) that contained a Chinese-origin aluminum extrusion as a component part.[26]

Finally, the Court held that R&R "failed to recognize that the Scope Ruling lent no support to the agency decision, i.e., the Final Evasion Determination, upon which Customs was conducting a de novo review and which involve merchandise produced in Vietnam" because the Scope Ruling only applied to assembled door thresholds that were produced in, and that were imported from, China.[27]

The Court ordered CBP to submit a "Redetermination upon Remand that is consistent with {the} Opinion and Order and addresses the actions it will take with respect to the Interim Measures it previously imposed."[28]

### III.   DISCUSSION

Consistent with the Court's interpretation of the scope of the AD/CVD Orders and the Scope Ruling, CBP finds that the door thresholds imported by Columbia during the period of investigation did not constitute covered merchandise.  Thus, Columbia did not engage in evasion

---

[25] Remand Order at 16.
[26] Remand Order at 23.
[27] Remand Order at 24.
[28] Remand Order at 31.

5

when it entered the door thresholds into the United States without declaring such merchandise as subject to the AD/CVD Orders.

In the March 2019 Determination, CBP relied on the information obtained during the onsite verification of Columbia's Vietnamese supplier, Houztek Architectural Products, Inc. (Houztek).[29] The evidence on the record showed that Houztek used plastic components and extruded aluminum to assemble door thresholds in its Vietnamese facility.[30] CBP's examination of the record found that Houztek was using extruded aluminum imported from China.[31] In the Administrative Review, R&R agreed with TRLED's factual findings and found that the door thresholds were completed or assembled in Vietnam using Chinese-origin aluminum and non-aluminum extrusion components.[32] In the Remand Order, the Court held that the AD/CVD Orders do not apply to merchandise that is assembled in the third country using aluminum extruded in China. Since Columbia's door thresholds are assembled in Vietnam, a third country, using Chinese-origin extruded aluminum and other non-aluminum extrusion components, consistent with the Court's decision, the merchandise is not subject to the AD/CVD Orders, and thus does not constitute covered merchandise within the meaning of 19 U.S.C. § 1517.

Based on the above, CBP concludes that Columbia correctly entered merchandise as entry type "01" consumption entries, instead of as entry type "03" AD/CVD entries and, accordingly, no AD/CVD duties are applicable. Thus, Columbia did not enter covered merchandise into the United States through material false statements or omissions.

Given this reversal of the March 2019 Determination and the Administrative Review, CBP intends to terminate the interim measures imposed on May 17, 2018 and process refunds of

---

[29] March 2019 Determination at CBP003579.
[30] March 2019 Determination at CBP003578.
[31] March 2019 Determination at CBP003579.
[32] Administrative Review at 21.

any cash deposits, as appropriate, once judgment is entered in this matter. Any unliquidated entries will be liquidated consistent with the final and conclusive court decision in this case, including all remands and appeals.

## IV.   CONCLUSION

Consistent with the Remand Order, CBP has reconsidered its determination of evasion outlined in the March 2019 Determination and the Administrative Review and finds that Columbia's door thresholds do not constitute covered merchandise. Accordingly, CBP also finds that Columbia did not enter covered merchandise into the United States through evasion.

/s/ VICTORIA Y CHO
Digitally signed by VICTORIA Y CHO
Date: 2024.02.15 09:52:29 -05'00'

Victoria Y. Cho
Director, Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade
U.S. Customs and Border Protection

/s/ ALICE A KIPEL
Digitally signed by ALICE A KIPEL
Date: 2024.02.15 12:47:29 -05'00'

Alice A. Kipel
Executive Director
Regulations and Rulings
Office of Trade
U.S. Customs and Border Protection