UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| COLUMBIA ALUMINUM PRODUCTS, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>        Defendant. | Court No. 1:19-cv-00185 |

**COLUMBIA ALUMINUM PRODUCTS, LLC'S
COMMENTS ON REMAND REDETERMINATION**

On February 15, 2024, U.S. Customs and Border Protection ("CBP") filed its final remand redetermination ("Remand Redetermination") in this action in response to the Court's Order, dated January 16, 2024 ("Remand Order"), setting aside CBP's final determination of evasion and administrative review as a matter of law. In its Remand Redetermination, CBP, consistent with the Court's Remand Order, reconsidered and reversed its prior determination of evasion. CBP now finds, based on the law and record evidence, that assembled door thresholds Columbia Aluminum Products, LLC ("Columbia") imported from Vietnam are not "covered merchandise" under the antidumping and countervailing duty orders on aluminum extrusions from China. Based on this correct finding, CBP concludes that Columbia correctly entered the merchandise as "type 01" consumption entries and that Columbia did not enter covered merchandise into the United States by means of evasion. Columbia agrees with this determination and requests that the Court sustain the Remand Redetermination of no evasion and enter judgment in Columbia's favor.

Having made a negative determination, CBP states that it intends to terminate interim measures implemented on May 17, 2018. This suggests that interim measures against Columbia

remain in place.  This is contrary to CBP regulations, which require immediate termination of interim measures upon a negative finding of evasion.  19 C.F.R. § 165.27(c).  CBP further indicates that it will liquidate any unliquidated entries following a final and conclusive court decision, including all remands and appeals.  Respectfully, there will be no appeal here.  Columbia succeeded in its challenge to the original evasion determination.  The United States, moreover, did not make its finding of no evasion under protest.  And Endura, the instigator of this matter, abandoned any participation at the Court or before CBP, thus waiving any right to appeal.  But for the interim measures, all Columbia entries suspended by CBP would have liquidated over four years ago.  Under the circumstances, Columbia requests that the Court order CBP to terminate immediately interim measures and liquidate all previously suspended entries upon the Court's entry of judgment.

Date: February 24, 2024

                                                                       Respectfully submitted,

                                                                       */s/ Jeremy W. Dutra*
                                                                       Peter Koenig
                                                                       peter.koenig@squirepb.com
                                                                       Jeremy W. Dutra
                                                                       jeremy.dutra@squirepb.com

                                                                       SQUIRE PATTON BOGGS (US) LLP
                                                                       2550 M Street, NW
                                                                       Washington, DC 20037
                                                                       (202) 457-6000

                                                                       *Counsel to Plaintiff Columbia Aluminum Products LLC*