IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| COLUMBIA ALUMINUM PRODS., LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | Court No. 19-00185 |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S COMMENTS ON REMAND REDETERMINATION

Defendant, the United States (the Government), respectfully submits this response to the comments filed by plaintiff, Columbia Aluminum Prods., LLC (Columbia), ECF No. 87 (Remand Comments), to the final remand redetermination issued by U.S. Customs and Border Protection (CBP), *see Final Remand Redetermination*, February 15, 2024, ECF No. 86 (Remand Redetermination), following this Court's opinion and order, dated January 16, 2024. ECF No. 85, Slip Op. 24-3 (Remand Order). As discussed further below, the Court should enter judgment sustaining the Remand Redetermination because CBP has complied with the Remand Order, and the Remand Redetermination is supported by substantial evidence and is otherwise in accordance with law.

## BACKGROUND

This action concerns Columbia's challenge to CBP's Trade Remedy Law Enforcement Directorate (TRLED) final determination in Enforce and Protect Act (EAPA), 19 U.S.C. § 1517, Case No. 7232, issued on March 20, 2019 (Final Evasion Determination), that Columbia's entries of door thresholds evaded the relevant antidumping and countervailing duty orders on

aluminum extrusions from China.[1] Columbia also challenged aspects of CBP's Regulations & Rulings (R&R) August 26, 2019 administrative review decision (Administrative Review Determination).

Following briefing on the merits by the parties, this Court ordered the following:

> **ORDERED** that plaintiff's Rule 56.2 motion be, and hereby is, granted; it is further
>
> **ORDERED** that the Final Evasion Determination and the Administrative Review Determination be, and hereby are, set aside as contrary to law; it is further
>
> **ORDERED** that Customs, within 30 days of the date of this Opinion and Order, shall submit to the court a Redetermination upon Remand that is consistent with this Opinion and Order and addresses the actions it will take with respect to the Interim Measures it previously imposed; it is further
>
> **ORDERED** that plaintiff shall have 15 calendar days to submit comments on the Redetermination upon Remand; and it is further
>
> **ORDERED** that defendant shall have 10 calendar days from the submission of plaintiff's comments to submit a response thereon.

Remand Order at 31-32.

In finding in favor of Columbia, the Court held that CBP should not have initiated an EAPA investigation into Columbia because the subject thresholds are not "covered merchandise," and thus could not have evaded the AD/CVD Orders. *See* 19 U.S.C. § 1517(a)(3) (defining "covered merchandise" as merchandise subject to an AD or CVD order). An evasion occurs when covered merchandise is entered by a material and false document, statement, or act,

---

[1] *See Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (May 26, 2011); *Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (May 26, 2011) (collectively, AD/CVD Orders).

or material omission, which results in a cash deposit, security, or applicable AD or CVD amount being reduced or not applied.  19 U.S.C. § 1517(a)(5).

In so holding, the Court ruled that CBP incorrectly interpreted the AD/CVD Orders as applying to merchandise produced in a third country, such as Vietnam, and also misinterpreted a scope ruling on Columbia's merchandise,[2] as well as certain circumvention proceedings and determinations[3] as applying to Columbia's thresholds.  Remand Order at 12-24.  Thus, the Court held that the administrative record could not support CBP's finding that Columbia transshipped the subject door thresholds from China through Vietnam.  Consequently, the Court remanded the action to CBP for the agency to submit a redetermination consistent with the Court's opinion and to "address[ ] the actions it will take with respect to the Interim Measures it previously imposed." Remand Order at 31.

## ARGUMENT

### I. Standard of Review

In remand proceedings, the Court will sustain an agency's determinations if they are "in accordance with the remand order," and are "supported by substantial evidence, and are otherwise in accordance with law."  *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).  Substantial evidence

---

[2] *See* Memorandum, *Antidumping and Countervailing Duty Orders on Aluminum Extrusions from the People's Republic of China: Final Scope Rulings on Worldwide Door Components Inc., MJB Wood Group Inc., and Columbia Aluminum Products Door Thresholds*, dated December 19, 2018 (Dept. of Commerce) (Scope Ruling).

[3] *See Aluminum Extrusions From the People's Republic of China: Initiation of Anti-Circumvention Inquiries*, 83 Fed. Reg. 9,267 (Dept. of Commerce March 5, 2018); *Aluminum Extrusions From the People's Republic of China: Affirmative Preliminary Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 84 Fed. Reg. 22,445 (Dept. of Commerce May 17, 2019); *Aluminum Extrusions From the People's Republic of China: Final Affirmative Determination of Circumvention of the Antidumping Duty and Countervailing Duty Orders, and Partial Rescission*, 84 Fed. Reg. 39,805 (Dept. of Commerce August 12, 2019).

means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Under this standard, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (citations omitted). Where, as here, Congress has entrusted an agency to administer a statute that demands inherently fact-intensive inquiries, CBP's conclusions may be set aside only if the record contains evidence "so compelling that no reasonable factfinder" could reach the same conclusion. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

## II. CBP Complied with the Court's Remand Order

On remand, CBP issued the following findings and conclusions consistent with the Court's opinion:

> Consistent with the Court's interpretation of the scope of the AD/CVD Orders and the Scope Ruling, CBP finds that the door thresholds imported by Columbia during the period of investigation did not constitute covered merchandise. Thus, Columbia did not engage in evasion when it entered the door thresholds into the United States without declaring such merchandise as subject to the AD/CVD Orders.

Remand Redetermination at 5-6. As a result, "CBP concludes that Columbia correctly entered merchandise as entry type '01' consumption entries, instead of as entry type '03' AD/CVD entries and, accordingly, no AD/CVD duties are applicable. Thus, Columbia did not enter covered merchandise into the United States through material false statements or omissions." *Id*. at 6. CBP's findings and conclusions accord with the definitions of "covered merchandise" and "evasion" in the EAPA statute. *See supra*, 19 U.S.C. § 1517(a)(3), (5). Columbia also agrees with these findings and conclusions. *See* Remand Comments at 1.

4

Also in accordance with the Remand Order, CBP addressed the actions that it will take with respect to the interim measures that CBP previously imposed upon Columbia's entries pursuant to 19 U.S.C. § 1517(e) as follows: "CBP intends to terminate the interim measures imposed on May 17, 2018 and process refunds of any cash deposits, as appropriate, once judgment is entered in this matter. Any unliquidated entries will be liquidated consistent with the final and conclusive court decision in this case, including all remands and appeals." Remand Redetermination at 6-7.

In its comments to the Remand Redetermination, Columbia maintains that CBP has run afoul of its own regulations because it has not immediately terminated the interim measures, and that no appeal will be taken here. *See* Remand Comments at 1-2. Although we also envision that no appeal will be taken here, Columbia is mistaken that, by waiting for the final judgment before terminating interim measures and liquidating any unliquidated entries, CBP has not abided by its regulations.

19 C.F.R. § 165.2(c) provides: "If CBP makes a determination under paragraph (a) of this section that covered merchandise was not entered into the customs territory of the United States through evasion, then CBP will cease applying any interim measures taken under § 165.24 and liquidate the entries in the normal course." We submit that, because this matter is still pending a conclusive and final judgment from the Court, and is not under the sole purview of CBP administrative proceedings, the "normal course" in these circumstances is for CBP to "cease applying any interim measures taken under § 165.24 and liquidate the entries" in accordance with the Court's final judgment. To that end, we respectfully request that the Court enter judgment sustaining the Remand Redetermination. On that point, it appears that the parties are in accord. *See* Remand Comments at 2.

**CONCLUSION**

For these reasons, we respectfully request that the Court sustain the Remand Redetermination as consistent with the Remand Order, and as supported by substantial evidence and in accordance with law.

                                 Respectfully submitted,

                                 BRIAN M. BOYNTON
                               Principal Deputy Assistant Attorney General

                               PATRICIA M. McCARTHY
                               Director

By:    /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        /s/ Aimee Lee
        AIMEE LEE
        Assistant Director

Of Counsel:                        /s/ Alexander Vanderweide
Tamari J. Lagvilava             ALEXANDER VANDERWEIDE
Office of Chief Counsel         Senior Trial Counsel
U.S. Customs and Border Protection   Department of Justice, Civil Division
                                                  Commercial Litigation Branch
                                                  26 Federal Plaza – Room 346
                                                  New York, New York 10278
                                                  Tel. (212) 264-0482 or 9230
                                                  *Attorneys for Defendant*

Dated: March 5, 2024