Slip Op. 24-51

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **COLUMBIA ALUMINUM PRODUCTS, LLC,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**UNITED STATES,**<br><br>　　　　　　　　　　Defendant. | Before: Timothy C. Stanceu, Judge<br><br>Court No. 19-00185 |

OPINION

[Sustaining remand redetermination in litigation contesting an agency determination of "evasion" of antidumping duty and countervailing duty orders]

Dated: April 24, 2024

*Jeremy W. Dutra*, Squire Patton Boggs (US) LLP, of Washington, D.C., for plaintiff. With him on the submission was *Peter J. Koenig*.

*Alexander J. Vanderweide*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for defendant. With him on the submission were *Justin R. Miller*, Attorney-in-Charge, and *Aimee Lee*, Assistant Director, International Trade Field Office. Also on the submission were *Brian M. Boynton*, Principal Deputy Attorney General, *Patricia M. McCarthy*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C. Of counsel on the submission was *Tamari J. Lagvilava*, Attorney, Office of Chief Counsel, U.S. Customs and Border Protection, of Washington, D.C.

Stanceu, Judge: Plaintiff Columbia Aluminum Products, LLC ("Columbia") contested two related decisions that U.S. Customs and Border Protection ("Customs" or "CBP") issued under the Enforce and Protect Act, 19 U.S.C. § 1517 (2018) (the "EAPA").

**Court No. 19-00185**                                                                                                    Page 2

In both decisions, Customs determined that door thresholds Columbia imported from Vietnam were "covered merchandise" that evaded an antidumping duty ("AD") order and a countervailing duty ("CVD") order (the "Orders") on aluminum extrusions from the People's Republic of China.

In a redetermination issued earlier this year in response to an order of the court, Customs concluded that Columbia's imported door thresholds did not evade the Orders and informed the court of its intention to discontinue the "interim measures" it earlier imposed on Columbia's imports of door thresholds from Vietnam. Plaintiff advocates that the court sustain CBP's decision that Columbia's imports did not evade the Orders but objects to the redetermination to the extent that it would not result in liquidation of the affected import entries prior to a final and conclusive court decision in this action. The court sustains CBP's redetermination.

## I. BACKGROUND

Background on this litigation is set forth in the court's previous opinion and order and is supplemented herein. *Columbia Aluminum Products, LLC v. United States*, 2024 WL 257026 (Jan. 16, 2024) ("*Columbia I*"). In *Columbia I*, the court ordered Customs to "submit to the court a Redetermination upon Remand that is consistent with this Opinion and Order and addresses the actions it will take with respect to the Interim Measures it previously imposed." *Id.*, 2024 WL at *13.

Before the court is CBP's Final "Remand Redetermination" (Feb. 15, 2024), ECF No. 86 ("*Remand Redetermination*"). Plaintiff filed comments on the Remand Redetermination. Columbia Aluminum Products, LLC's Comments on Remand Redetermination (Feb. 24, 2024), ECF No. 87 ("Columbia's Comments"). Defendant responded to those comments. Def.'s Response to Pl.'s Comments on Remand Redetermination (Mar. 5, 2024), ECF No. 88 ("Def.'s Response").

## II. Discussion

In the Remand Redetermination, Customs concluded "that Columbia correctly entered merchandise as entry type "01" consumption entries, instead of as entry type "03" AD/CVD entries and, accordingly, no AD/CVD duties are applicable." *Remand Redetermination* at 6. Customs concluded, further, that "[t]hus, Columbia did not enter covered merchandise into the United States through material false statements or omissions." Customs stated that "[g]iven this reversal of the March 2019 Determination and Administrative Review [the agency decisions contested in this litigation[1]], CBP intends to terminate the interim measures imposed on May 17, 2018 and process refunds of any cash deposits, as appropriate, once judgment is entered in this matter."

---

[1] *Notice of Final Determination as to Evasion* (Mar. 20, 2019), P.R. Doc. 61; *Enforce and Protect Act ("EAPA") Case Number 7232* (Aug. 26, 2019), P.R. Doc. 67. Citations herein to documents from the Joint Appendix (Apr. 28, 2023), ECF Nos. 83 (conf.), 82 (public) are referenced herein as "P.R. Doc. __" for public versions. All information disclosed in this Opinion and Order is public information.

*Id*. at 6—7. Customs added that "[a]ny unliquidated entries will be liquidated consistent with the final and conclusive court decision in this case, including all remands and appeals." *Id*. at 7. The "interim measures" to which Customs referred "included 'rate-adjusting' the entries . . . for the collection of cash deposits, requiring 'live entry' for 'all future imports of products believed to be aluminum thresholds by Columbia' . . . and extending and suspending liquidation of entries." *Columbia I*, 2024 WL 257026 at *2 (quoting *Notice of Initiation of Investigation and Interim Measures* at 6—7 (May 17, 2018), P.R. Doc. 18).

     Columbia agrees in part, and disagrees in part, with the Remand Redetermination. Columbia states that it agrees with the agency's deciding "that Columbia did not enter covered merchandise into the United States by means of evasion" and "requests that the Court sustain the Remand Redetermination of no evasion and enter judgment in Columbia's favor." Columbia's Comments 1. At the same time, Columbia objects that "[h]aving made a negative determination, CBP states that it intends to terminate interim measures implemented on May 17, 2018." *Id*. "This suggests that interim measures against Columbia remain in place . . . contrary to CBP regulations, which require immediate termination of interim measures upon a negative finding of evasion." *Id*. at 1-2 (citing 19 C.F.R. § 165.27(c)). Further, Columbia objects to

any delay in the liquidation of unliquidated entries that are affected by this litigation, arguing as follows:

> CBP further indicates that it will liquidate any unliquidated entries following a final and conclusive court decision, including all remands and appeals. Respectfully, there will be no appeal here. Columbia succeeded in its challenge to the original evasion determination. The United States, moreover, did not make its finding of no evasion under protest. And Endura, the instigator of this matter, abandoned any participation at the Court or before CBP, thus waiving any right to appeal. But for the interim measures, all Columbia entries suspended by CBP would have liquidated over four years ago. Under the circumstances, Columbia requests that the Court order CBP to terminate immediately interim measures and liquidate all previously suspended entries upon the Court's entry of judgment.

*Id*.

In its response to Columbia's comments, defendant contests Columbia's assertion that "CBP has not abided by its regulations," pointing out that the regulation on which Columbia relies, 19 C.F.R. § 165.27(c) (2023), provides as follows: "If CBP makes a determination under paragraph (a) of this section that covered merchandise was not entered into the customs territory of the United States through evasion, then CBP will cease applying any interim measures taken under § 165.24 and liquidate the entries in the normal course.'" Def.'s Response 5 (quoting 19 C.F.R. § 165.27(c)).

Columbia's objection that 19 C.F.R. § 165.27(c) required Customs to terminate the interim measures immediately upon a negative finding of evasion, i.e., upon CBP's issuing the Remand Redetermination, is not persuasive. The Remand Redetermination,

Court No. 19-00185 Page 6

which was submitted in response to court order, is submitted for the court's review and is not in effect prior to the court's sustaining it through the entry of judgment.  In accordance with the Remand Redetermination, the court will order Customs to terminate immediately all interim measures it imposed in the EAPA investigation.  To effectuate the Remand Redetermination, the court also will direct that Customs not require the filing of entry type "03" entries on future imports of door thresholds from Vietnam that are of a class or kind that would have been subject to the EAPA investigation and not require the deposit of antidumping or countervailing duties on these future entries.

With respect to all entries affected by this litigation that were made prior to the entry of judgment, Columbia is entitled, upon the entry of judgment, to receive a prompt refund of all estimated antidumping or countervailing duties that were deposited, with interest as provided by law.  But Columbia has not made the case for the court's ordering immediate liquidation of the entries affected by this litigation.

Columbia correctly points out that Customs did not reach its negative determination of evasion "under protest."  Columbia's Comments 2.  Also, defendant states that "we envision that no appeal will be taken here."  Def.'s Response 5. Nevertheless, the court is not convinced that it should order immediate liquidation of the affected entries, a remedy provided for neither in the EAPA nor in 19 C.F.R.

§ 165.27(c).  Moreover, whether the government's issuing the negative EAPA determination absent a protest will preclude the government's successful appeal of a judgment in this action is a question for the Court of Appeals for the Federal Circuit ("Court of Appeals"), not this Court, to decide.  Additionally, whether liquidation of the entries affected by this litigation effectively would moot any appeal by the government of a judgment in this action is an unsettled question.  Defendant has not ruled out the possibility that it will appeal, and the court will avoid taking an action that could moot any appeal of this Court's judgment that the government might pursue.

     Finally, Columbia has not shown it will be prejudiced by a delay in the liquidation of the affected entries pending a final and conclusive judgment in this action.  Columbia is awarded all the relief on its future entries that this court may grant and will receive an adequate remedy as to past entries provided it promptly receives a refund of all estimated antidumping and countervailing duties that were deposited on these entries, with interest as provided by law.

     To ensure that Columbia receives an adequate remedy even should liquidation be delayed pending appeal, the court will order that Customs not liquidate with the assessment of antidumping or countervailing duties any entries of merchandise that is of the same class or kind as the merchandise that was the subject of the EAPA investigation prior to a final and conclusive judgment in this litigation.  The court will

Court No. 19-00185 <span style="float:right">Page 8</span>

order, further, that any entries that are liquidated contrary to the court's order promptly shall be restored to unliquidated status.

### III. CONCLUSION

For the reasons stated above, the court will enter judgment to sustain the Remand Redetermination.

/s/ Timothy C. Stanceu<br>
Timothy C. Stanceu<br>
Judge

Dated: April 24, 2024
    New York, New York